*Jones v. State*, 681-11-13 Wncv (Teachout, J., Feb. 16, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                       **CIVIL DIVISION**
**Washington Unit**                                                      **Docket No. 681-11-13 Wncv**

**RECO A. JONES**
    **Petitioner**

    **v.**

**STATE OF VERMONT**
    **Respondent**

### Ruling regarding Proposed Stipulation

Petitioner Reco A. Jones seeks post conviction relief in this case. His attorney and attorneys from the Washington County State's Attorney's office have explored settlement and submitted a proposed stipulation on January 31, 2018. In a series of status conferences held throughout the case, particularly those on May 1 and September 25, 2017, the court had explained what would be required if the parties were to seek post conviction relief through stipulation. The January 31, 2018 proposed stipulation does not meet these requirements. For the following reasons, the court is unable to approve it for purposes of a consent judgment.

The transcript of the sentencing hearing reflects that Mr. Jones was convicted and sentenced for extremely serious crimes pursuant to a plea agreement. In this PCR case, he claims that he pled guilty because his criminal counsel wrongly advised him that he would be deported to Barbados once his appeal right was exhausted—even though no such promise apparently appeared in his plea agreement and he agreed that his plea was not conditioned on any other promises. He claims that deportation was his goal. Following his conviction, the federal government has not taken steps to deport him. In this case, he claims that his criminal counsel's incorrect advice about the immigration consequences of his plea caused him to plead guilty whereas otherwise, presumably, he would not have.

If this case proceeded to a hearing on the merits, and the court determined that Mr. Jones' criminal counsel provided ineffective assistance that prejudiced him, the result would be that the court would vacate his conviction and this case would be remanded to the criminal division for further proceedings related to the criminal charges against him. Then, the parties would have an ordinary criminal case to litigate.

The parties' efforts at settlement, as reflected in their proposed stipulation, show their effort to create a new sentence to enable him to attain the result he always wanted but the State did not agree to originally, no court has ever ordered, and no party or the court can compel: immediate deportation to Barbados. This is outside the scope of this case in this court.

Mr. Jones' criminal conviction is a final judgment of the superior court. He is no longer negotiating with the prosecutor over the terms of a proposed plea agreement and the prosecutor

cannot through the exercise of discretion vacate the conviction and agree to terms of a new sentence. Postconviction proceedings are not a continuation of the criminal case. The trial court in the criminal division held not only a plea colloquy but a sentencing hearing in which the judge, who was the one familiar with and responsible for the case, analyzed the proposed sentence and exercised independent judgment as to its terms. It is not up to the parties to stipulate away such a judgment after the fact. This case is a collateral attack on a final judgment, and courts do not vacate final criminal judgments simply because the parties now want to agree to a different outcome.

The parties may, of course, agree that there are facts that would support vacating a conviction and jointly demonstrate that factual basis to the court. If that is the situation here, the parties may show the court such a basis with an effective stipulation to the *facts* showing ineffective assistance and prejudice. Merely presenting the court with the fact of the parties' ultimate agreement, however, is insufficient.

The January 31, 2018 proposed stipulation cannot be approved for two reasons. First, it is defective because it does not recite facts to which the parties are stipulating and which support either ineffective assistance of counsel or prejudice. It merely refers generally to deposition testimony and an expert witness disclosure. It is not sufficient to presume that the court will sift through those materials and reach a conclusion that they show ineffective assistance and prejudice.

In addition, the stipulation is primarily focused on controlling the outcome of a resentencing, which is beyond the jurisdiction of this court. All this court has the authority to do is determine whether the prior conviction should be vacated. The basis for any new conviction is beyond the limits of this case in this court, as is the sentencing process (which involves the opportunity for victim input). The parties cannot control in this proceeding what may unfold once the case is remanded to the criminal division, assuming the conviction is vacated.

The parties may have until March 30, 2018 to submit a new stipulation that meets the requirements set forth above, or file a motion, or request an evidentiary hearing.

So ordered.

Dated at Montpelier, Vermont this _____ day of February 2018.

_____
Mary Miles Teachout
Superior Judge

2